IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:24-CV-00118-M-RN

DYLAN A. BLALOCK,

    Plaintiff,

v.

FRANK BISIGNANO[1],
*Commissioner of Social Security,*

    Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation (M&R) issued by United States Magistrate Judge Robert T. Numbers, II. DE 23. Judge Numbers recommends that this court affirm the final decision of the Commissioner. *Id.* Plaintiff filed a timely objection to the M&R, contending that the Magistrate Judge erred in determining that Plaintiff did not meet the "paragraph B" criteria of Listing 12.02, specifically contending that the Magistrate Judge did not appropriately consider Plaintiff's inability to interact with others or inability to adapt and manage himself. DE 24 at 2–3, 10. After a de novo review, the court finds that the ALJ committed no error, overrules Plaintiff's objection, and adopts in full the rationale and conclusion of the M&R.

I. **Standard of Review**

A magistrate judge's recommendation carries no presumptive weight. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023). The court "may accept, reject, or modify, in whole or in part,

---

[1] Following the commencement of this action, Frank Bisignano replaced Martin O'Malley as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is automatically substituted as Defendant.

the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Security Admin.*, 983 F.3d 83, 94 (4th Cir. 2020). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This does not require "a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Instead, the evidence must be "more than a mere scintilla . . . but may be less than a preponderance." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although a court should not "reflexively rubber-stamp the ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. It is enough for the reviewing court to ensure that the ALJ "buil[t] an accurate and logical bridge from the evidence to their conclusions." *Id.* (cleaned up).

Under § 636(b)(1), the claimant's objections to the M&R must be "specific and particularized" to facilitate district court review. *United States v. Midgette*, 478 F.3d 606, 621 (4th Cir. 2007). On the other hand, "general and conclusory objections that do not direct the court to a specific error" in the M&R fall short of this standard. *See Orpiano v. Johnson*, 687 F.2d 44, 47

2

(4th Cir. 1982) (concluding that de novo review was still required under these decisions where a pro se litigant had objected to specific factual findings in the M&R).

## II. Analysis

The M&R is organized as follows:

> I. Background
>     A. Factual
>     B. Procedural
> II. Analysis
>     A. Standard of Review of the Commissioner's Final Decision
>     B. Standard for Evaluating Disability
>     C. Medical Opinion Evidence
>         1. Dr. Mann
>         2. Gonzalez
>         3. Parker
>     D. Step Three
>         1. Overview of Listing of Impairments
>         2. Listing 12.02
>         3. Application
>             a. Interacting with Others
>             b. Adapting or Managing Oneself
>     E. Residual Functional Capacity
> III. Conclusion

Plaintiff specifically objects to sections II.D.3.a, "Interacting with Others," and II.D.3.b, "Adapting or Managing Oneself." DE 24 at 6–10. By lodging those objections, Plaintiff, also, implicitly objects to section II.E, "Residual Functional Capacity," and section III, "Conclusion." Plaintiff does not object to the remaining sections in the M&R. After careful review and finding no clear error with those sections, the court adopts and incorporates by reference those portions of the M&R as if fully set forth herein. *See Diamond*, 416 F.3d at 315.

As Judge Numbers explained in the M&R, the Administrative Law Judge (ALJ) conducts a five-step sequential analysis to determine whether a person is disabled—defined by the statute as being unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

3

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "If an individual is found not disabled at any step, further inquiry is unnecessary." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "A claimant for disability benefits bears the burden of proving a disability." *Id.* At step three, relevant here, the ALJ compares the claimant's impairment to those in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant's impairment appears in the Listing, or if the ALJ determines that the impairment is "equal" to a listed impairment, then the ALJ must find that the claimant is disabled. *Id.*

Broadly, "step three streamlines the decision process by identifying [only] those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In order to do so, the Listing of Impairments lays out criteria for each particular listing. 20 C.F.R. § 416.926. Because a claimant bears the burden of proving their disability, they must present medical findings equal in severity to all of the criteria for the relevant, particular listing; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The ALJ, in contrast, must only provide a coherent basis for his step three determination, especially if the "medical record includes a fair amount of evidence" that a claimant's impairment meets a disability listing. *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). However, even a "cursory" explanation may meet this obligation so long as "the ALJ considered" the relevant information and "substantial evidence supports the finding at step three." *Smith v. Astrue*, 457 F. App'x 326, 328 (4th Cir. 2011).

Plaintiff, here, contends that he "provided . . . sufficient evidence to meet his evidentiary burden to find that he met or equaled . . . [either] . . . criteria of Listing 12.02." DE 24 at 6. Listing

4

12.02 concerns neurocognitive disorders and requires claimants to make a two-part evidentiary showing. First, a claimant must show:

> A. Medical documentation of a significant cognitive decline from a prior level of functioning in *one* or more of the cognitive areas:
> 1. Complex attention;
> 2. Executive function;
> 3. Learning and memory;
> 4. Language;
> 5. Perceptual-motor; or
> 6. Social Cognition.

20 C.F.R., Part 404, Subpt. P, Appx. 1, § 12.02. In addition to these "Paragraph A" requirements, a Claimant must also demonstrate sufficient evidence of the "Paragraph B" requirements:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
> 1. Understand, remember, or apply information.
> 2. Interact with others.
> 3. Concentrate, persist, or maintain pace.
> 4. Adapt or manage oneself.

*Id.* "Extreme . . . or marked limitation," *id.*, references the regulations' "five-point scale," which rates a claimant's relevant limitations as "none, mild, moderate, marked, [or] extreme," 20 C.F.R. § 416.920a(c)(4). An extreme limitation is one "that is incompatible with the ability to do any gainful activity." *Id.*

### A. Interacting with others

Here, Plaintiff first contests the ALJ's finding that he has only a moderate limitation in interacting with others. DE 24 at 6–8. Interacting with others "refers to the abilities to relate to and work with supervisors, co-workers, and the public." 20 C.F.R. Pt. 404, Subpt. P, § 12.00E(2). Plaintiff contends that "the longitudinal evidence of record reflects a long-standing dysfunction in interacting with others that was displayed very early in his life and has continued through the present day." DE 7. In support of that contention, Plaintiff highlights a pattern of being expelled

5

from daycare at an early age, DE 24 at 7, *see* Tr. 484, 310, consistent concerns from treating physicians over Plaintiff's anger, DE 24 at 7, *see* Tr. 351, 542, 811, and 809, and Plaintiff's own struggles working, DE 24 at 8, Tr. 68, 70. Plaintiff contends that this troubling history is indicative of a broader inability to interact or socialize with others that rises to the level of a marked or extreme limitation.

In contrast, the ALJ highlighted significant evidence indicating some ability to interact with others. Tr. 40. During Plaintiff's psychological consultative examination, "[he] demonstrated signs of adequate hygiene, cooperative behavior[,] and appropriate eye contact." Tr. 40 (citing Tr. 541–42.). During Plaintiff's visits with his medical providers, he "demonstrated signs of an appropriate[] mood and affect." Tr. 40 (citing Tr. 509, 522, 525, 561–62, 771–73, 800–01, 808, 809, 812–13). Importantly, Plaintiff "reported he spends time playing videogames online with friends." Tr. 40 (citing Tr. 235, 238, 246, 541); *see also* Tr. 318, 390, 421. The ALJ noted that Plaintiff "will occasionally go out and watch a movie with this stepdad." Tr. 40 (citing Tr. 235, 238, 246, 541); *see also* Tr. 66, 74, 238. Additionally, Plaintiff's treatment record "note[s] that [he] [had] a girlfriend and [spent] time" talking to her over the phone. Tr. 40 (citing Tr. 770, 780–81). The ALJ also noted that, in 2022, Plaintiff "was interacting well with his peers and participating in extracurricular activities." Tr. 42 (quoting Tr. 608–10). The ALJ made additional note of Plaintiff's own report that his social isolation was because he "just [doesn't] want to go out." Tr. 808; *see* Tr. 43.

Here, the relevant evidence is sufficient for a reasonable mind to find support for the ALJ's conclusion that Plaintiff neither has an "inability" nor a "seriously limited ability" to interact with others, but instead a "moderate[ly]" limited ability. Tr. 39–40. While the evidence to which Plaintiff points is certainly compelling, this court may not "re-weigh conflicting evidence, make

6

Case 4:24-cv-00118-M-RN   Document 26   Filed 09/30/25   Page 6 of 8

credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Plaintiff highlights evidence in support of his own contention but does not explain why the ALJ's was not supported by the evidentiary record. In short, Plaintiff disagrees with the ALJ's consideration of the evidence and asks this court for appropriate relief. But where, as here, sufficient evidence supports the ALJ's determination, there is nothing more for this court to do.

### B. Adapting or managing oneself

Second, Plaintiff contests the ALJ's finding that he has only a moderate limitation in adapting or managing oneself. This component contemplates one's "abilities to regulate emotions, control behavior, and maintain well-being in a work setting." 20 C.F.R. Pt. 404, Subpt. P, § 12.00E(4). Plaintiff specifically contends that "the medical evidence . . . supports that [his severe brain damage] has resulted in [his] experiencing a lifetime of being unable to properly manage himself." DE 24 at 8–9. In his objections to the M&R, Plaintiff points this court's attention to a medical opinion that Plaintiff suffered "incapacitating anxiety," and that any work he had been able to perform was due to the "accommodations" offered by his mother, functioning as his employer. DE 24 at 9. Plaintiff highlights further reports of his "severe difficulty in tolerating stress and pressure associated with day-to-day work," mood swings, uncontrollable anger, and inability to manage his own hygiene. DE 9. Plaintiff also indicates his own testimony regarding his short temper, emotional instability, and trouble focusing. DE 10. All of this taken together, Plaintiff contends, constitutes an, at least, marked limitation. DE 10.

In contrast, the ALJ, concluded that the evidence indicates a moderate limitation in Plaintiff's ability to adapt or manage himself. Tr. 40. Principally, the ALJ highlights Plaintiffs' own testimony. Plaintiff testified that he can "take a shower," Tr. 66, "get dressed," Tr. 66, use the restroom, Tr. 66, "prepare . . . meals for [himself]," including sandwiches, Tr. 66–67, wash

7

and fold his own laundry, Tr. 67, clean the home, Tr. 67, and perform outdoor chores, Tr. 67, on his own. The ALJ also noted an absence in the record of any indication that Plaintiff "engage[d] in dangerous behaviors or . . . [experienced] . . . episodes of decompensation." Tr. 40. The ALJ additionally explained that the evidentiary record reflected that medication has improved Plaintiff's symptoms in the past. Tr. 46. Additionally, both state agency consultants found that, although Plaintiff may have problems with stress, he could adapt to minimal changes in the right environment and plan simple tasks while accounting for hazards. *See* Tr. 96, 106.

Here, the relevant evidence is sufficient for a reasonable mind to find support for the ALJ's conclusion that Plaintiff neither has an "inability" nor a "seriously limited ability" to adapt to changes or manage himself, but instead a "moderate[ly]" limited ability. Tr. 39–40. As explained above, this court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment" for the ALJ's. *Arakas*, 983 F.3d at 95. Plaintiff's mere disagreements with the ALJ's weighing of the evidence are insufficient for this court to reverse the ALJ's findings.

### III. Conclusion

For the foregoing reasons, the court ADOPTS the M&R in full and AFFIRMS the final decision of the Commissioner. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant, forward a copy of this order to Plaintiff and counsel of record, and close the case.

SO ORDERED this 29th day of September, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE